Form 13nodsmv2 — Entered: 9/23/25

# UNITED STATES BANKRUPTCY COURT
## Eastern District of Texas

Bankruptcy Case No.: 23–10296
Chapter: 13
Judge: Joshua P. Searcy

In Re:

Royce Verl Long

### SECOND ORDER FOR DEBTOR TO SHOW CAUSE AS TO WHY APPROPRIATE SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO FULFILL DIRECT PAYMENT OBLIGATIONS

On **Tuesday, September 23, 2025** the Court reviewed the docket in the above–referenced case in which a plan was confirmed. The Plan provides that the Debtor owes a direct payment obligation secured by real property that is the Debtor's principal residence and that the plan compels the Debtor to make direct payments on that obligation in accordance with the pre–petition contract. The fulfillment of those payment obligations is being monitored by the Chapter 13 Trustee.

The Chapter 13 Trustee has notified the Court that a payment deficiency appears to exist, for the months of July 2025 and August 2025 and including any additional payments which may subsequently come due before the hearing set below. Any such payment deficiency on this direct payment obligation in the post–confirmation period constitutes a material default by the Debtor with respect to the confirmed plan and establishes cause to dismiss this case pursuant to 11 U.S.C. §1307(c). Such post–petition payment deficiency also constitutes cause to terminate the automatic stay on the Debtor's principal residence for, among other things, lack of adequate protection to the affected creditor. Thus, to ensure the Debtor's faithful plan performance and because the fulfillment of those direct payment obligations are required in any event for the issuance of any discharge order, the Court finds that sufficient cause exists for the entry of the following order.

**IT IS THEREFORE ORDERED** that a hearing will be conducted for the Debtor to appear personally and to demonstrate the current status of the direct payment obligation secured by the principal residence and otherwise to show cause as to why an appropriate sanction such as termination of the automatic stay or the dismissal of this case with an appropriate period of prejudice should not be imposed for the failure to tender all required payments on the direct payment obligations identified in the confirmed plan. If the Chapter 13 Trustee withdraws the notice of payment deficiency prior to the date and time of the hearing, the show cause hearing will not be held.

**Hearing is scheduled on: Thursday, October 30, 2025** at **10:15 AM** in the **Jack Brooks Federal Courthouse, 300 Willow, Suite 112, Beaumont, TX 77701**.

Signed on:

September 23, 2025

THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE